IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| THE EQUAL RIGHTS CENTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:06-cv-01060-CCB |
| | ) | |
| EQUITY RESIDENTIAL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**NOTICE OF WITHDRAWAL OF PLAINTIFF'S
MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE**

Plaintiff The Equal Rights Center (the "ERC"), hereby notifies the Court that, based on events that have occurred since it filed its Motion for Sanctions for Spoliation of Evidence on November 13, 2014 (the "Motion"), the ERC believes that the Motion is no longer necessary and respectfully withdraws it. In support, the ERC states as follows:

1. On November 13, 2014, the ERC filed the Motion (Dkt. No. 252), based on the inability of Defendants Equity Residential and ERP Operating Limited Partnership (collectively "Equity") to locate factual documents critical to Equity's ownership of the eight properties at issue in the ERC' motion for partial summary judgment, Docket No. 228.

2. The Motion was based on extensive negotiations with Equity, during which the ERC repeatedly provided Equity with lists of missing documents. The ERC agreed not to seek a deposition from Equity on ownership issues pursuant to Federal Rule of Civil Procedure 30(b)(6). In return, Equity agreed to undertake a final search for the missing documents, and stipulated that any documents not identified as the result of this final search were documents that

could not be located in Equity's files.  The parties entered into this stipulation on October 16, 2014.  *See* Dkt. No. 252-4.

   3. Based on the documents that Equity had stipulated it could not find, the facts indicating that such documents ought to exist, and the importance of the documents to the ownership issues that Equity had raised, the ERC filed the Motion.  Dkt. No. 252.

   4. On November 26, 2014, Equity sent the ERC a letter identifying three purported errors in the Motion.

   5. After checking Equity's contentions, the ERC confirmed that Equity had correctly characterized one of the three purported errors:  in the list of properties for which Equity could not locate change orders, the ERC had erroneously listed Veridian.  In fact, Equity had produced change orders for Veridian.  The ERC promised to correct this error with the Court promptly.

   6. Equity, however, had demanded that the ERC withdraw the Motion wholesale.  The ERC agreed to speak with Equity to make a second attempt to narrow or resolve the issues in the Motion.

   7. Due to various scheduling difficulties, including the intervening holiday and rescheduling by Equity's counsel, the parties were not able to speak until December 10, 2014.

   8. Following the parties' discussion, the ERC sent a letter to Equity on December 16, 2014, listing the documents it believed were still missing and identifying other issues.

   9. Equity sent a response letter to the ERC on December 17, 2014, which was accompanied by Equity's production of more than 300 pages of new documents.  Equity also identified the Bates numbers of several documents it had previously produced.  Several had been included in the group that Equity stipulated it could not locate.

10. The ERC received the documents last Thursday, December 18, 2014. Based on the ERC's review of Equity's newly-produced and newly-identified documents, the ERC believes that the relief requested in the Motion is no longer necessary. Therefore, the ERC respectfully requests that the Court remove the Motion from the docket in this matter.

11. The ERC intends to petition the Court to supplement the facts it cited in its reply papers on summary judgment with the newly acquired facts from Equity.

WHEREFORE, the Plaintiff requests that the Court approve its withdrawal of the Motion for Sanctions for Spoliation of Evidence, Docket No. 252, and all related supporting papers.

Dated: December 22, 2014                     Respectfully submitted,

By: _____
Erin L. Webb (Bar No. 15731)
John E. Heintz (*pro hac vice*)
DICKSTEIN SHAPIRO LLP
1825 Eye St. NW
Washington, DC  20006
(202) 420-2200
(202) 420-2201 (fax)
webbe@dicksteinshapiro.com

Joseph M. Sellers (Bar No. 06284)
Peter Romer-Friedman (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Avenue, NW
Suite 500 West Tower
Washington, DC 20005
(202) 408-4600
(202) 408-4699 (fax)
jsellers@cohenmilstein.com
promerfriedman@cohenmilstein.com

Matthew Handley (Bar No. 18636)
WASHINGTON LAWYERS' COMMITTEE
FOR CIVIL RIGHTS AND URBAN AFFAIRS
11 Dupont Circle
Suite 400

3

Washington D.C. 20036
(202) 319-1000
(202) 319-1010 (fax)
matthew_handley@washlaw.org

*Attorneys for Plaintiff The Equal Rights Center*

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Withdrawal of Plaintif's Motion for Sanctions for Spoliation of Evidence, and accompanying Proposed Order, were served via the CM/ECF electronic filing system on this 22th day of December, 2014, and thereby served upon counsel of record for all parties.

By: /s/Erin L. Webb
Erin L. Webb

5